and I represent General Electric Company, now operating as GE Aerospace. I'll be arguing this morning on behalf of the defendants below, which include GE, Paramount Global, and Cornell DuBellier. GE's removal was timely because we were formally brought under the court's authority on January 31. That was the date of service, and we filed our notice of removal less than 30 days from that date. I'd like to begin by making three points, and they're all about the text of the document that's at the core of this appeal. First, I want to emphasize the parallel between the language of the acknowledgment, the agreement between the parties, and Missouri's rule for serving process by agreement. Second, I want to focus on the second paragraph of the acknowledgment, which the other side can't explain. And third, I want to emphasize that the other side needs to add words to the acknowledgment that are not there. The full title of the party's agreement is, quote, Acknowledgement and Waiver of Service of Process. It tracks the language of Missouri Rule 5413 closely. That rule requires an authorized signature, a waiver of the necessity of formal service, and an acknowledgment that service is effective or valid. That's exactly what this document did. The first sentence authorizes me to execute the document, and thus constitutes the defendant's proper signature. The second sentence then waives the need for personal service and acknowledges the date of service as January 31, 2023. Like many contracts, it's signed on one date, but effective on another. And that date is even underlined for emphasis. And although the acknowledgment established the date of service as January 31, 2023, plaintiffs say the date was only intended to establish the date for GE's responsive pleading. Counsel, you can continue with the expression of the language of the agreement, but it really seems a big focus of this case has to be the language of the federal removal statute. Go ahead. Your Honor, the federal removal statute doesn't govern service. Service is governed by state law. That's a question of state law, as we explained in our brief. And states have different laws and different approaches for when a waiver is effective. Missouri takes one approach that's followed by a number of other states. Other states take a different approach. For example, Judge Erickson's North Dakota doesn't provide, state law doesn't provide for a waiver of service of process. It provides for formal service of process or for a general appearance by the defendant. And Judge Strasse's home state, Minnesota, specifically provides in the language of the rule on waiver that the waiver will be effective as of the signing of the document. That's not what Missouri's law requires or provides. And Missouri law governs. Missouri law allows parties to agree to an effective date of service. It's governed by contract principles. And that's what's at issue here, Judge Smith, is contract principles. What is the meaning of the contract? Did the parties agree that service would be effective on January 31, 2023? And if they did? Well, what authority tells us that the agreement of the parties changes or affects the federal statutory counting? It doesn't, Your Honor. And I think that the point that you're getting at is that you cannot agree to change the 30-day deadline for removal. But that's not what happened here. And a contract that said, and there is case law that we've addressed in the brief, a contract that said or an agreement that said that the parties hereby extend the time for the defendant to remove the case would be invalid. But that's not what happened here. The parties agreed to an effective date of service. The date of service is what triggers the date of removal. That's what happened here. State law controls the date of service and when service is effective. Federal law controls after the case is removed to federal court, but not before. And that's what Murphy Brothers and the cases in this court that we cite in our brief stand for. And this was a contract that was allowed under Missouri law. 5413 does not prohibit people, doesn't prohibit litigants from agreeing to an effective date of service. And that's exactly what happened here. The parties entered into an agreement and the agreement said that the effective date of service would be January 31. And you're relying on Murphy Brothers for the idea that none of this becomes operative until service is actually completed. That there has to be a summons in order to bring this person into court in order for the clock to start. That's correct. The clock starts when the defendant is brought into court and required to take action. And that's when service is effective. So what's the effect of the waiver of formal service? Well, that would have the same effect, Your Honor, as formal service. It's a waiver that's effective on a specific date. So it's as if the sheriff showed up and handed the summons to General Electric on January 31, 2023. And that's when the clock starts ticking. The clock starts ticking on that date for removal and for all other purposes. And Murphy Brothers specifically stands for the proposition that you don't have multiple clocks within a lawsuit. And the plaintiff's position is dependent on there being multiple clocks within a lawsuit. They say service was accomplished for purposes of removal when GE signed the waiver. But that service was accomplished for purposes of the responsive pleading on January 31 as the waiver specifies. But Murphy Brothers says there can't be two dates for service of process. There's only one. And that date was January 31. And the language of the acknowledgement is very clear, Your Honor. As I mentioned, the plaintiff's position is dependent on there being two dates of service. But that's not possible. And if you read the language of the acknowledgement, there's only one reason for us to have the January 31 date in the first paragraph. That would be to make service effective on that date. If the only way to make a plaintiff's argument feasible after Murphy Brothers is if you were to add language that doesn't currently exist. Although you have to take away language. But maybe Murphy Brothers does that for you. Which is if you read the federal removal statute, which one of my colleagues mentioned, it says through service or otherwise. And the dissenters in Murphy Brothers said, well, what about the or otherwise? I mean, why do you need a summons? Why do you need a service if there's or otherwise? But it seems that Murphy Brothers has essentially read out the or otherwise. And all we're left with is you have to have a service or a summons to start it. Yes. By personal service or otherwise, I read Murphy Brothers to include a waiver. And the waiver would be effective and start the clock when the waiver is effective. Correct. Except for the dissenters, I think, would say or otherwise could be an email that's not service. Or sending it via email or delivering it without service or something like that. And I think the majority just disagreed with that. I think the majority did, Your Honor. And I think the only other or otherwise would be a general appearance. Or in this case, for example, we would have consented to the jurisdiction of the federal court when we removed the case. The other point I want to make and that we want to emphasize and that we make in our brief is this is a case that just cries out for estoppel. Because the parties agreed to a specific date for the service of process. The 30-day removal period is not jurisdictional. It's subject to equitable principles, including estoppel and waiver. And here, we negotiated with the other side for a service date of January 31, 2023. When the parties reached agreement on that, they asked us, the other side asked us, to send them a signed copy. That's in the addendum. Send them a signed copy of the acknowledgment so they could be sure that we were going to waive service. And they didn't tell us at the time that they asked us for that signed copy, hey, by the way, we're going to contend that that signature then constitutes waiver on that date. We sent them back the signed copy and we removed 20 days after the January 31 effective date. It would be fundamentally unfair to allow Monsanto to argue that the removal was untimely when they asked us to sign the very document and send it back to them. Without indicating to us in any way that they were going to take a position that service was other than January 31. And it's clear from the email exchanges in the addendum that everybody agreed that this was the date of service, January 31. There's no prejudice, none whatsoever, to Monsanto to vacate and remand this case to Judge Autry for a decision on the merits of the federal officer removal. That was not reached. And the parties agree that if this court decides that the removal was timely or that Monsanto should be stopped from challenging the timeliness, that that's a question in the first instance for Judge Autry on remand. And that's what we asked the court to do. So your position is that the waiver was not effective until the date stated? Yes. But the position taken on the other side is that the waiver was effective immediately? Yes, Your Honor. The position taken on the other side is that the waiver was effective for purposes of removal on January 5th when it was signed. And that's what the district court concluded. But as I mentioned, Your Honor, there can't be two clocks inside a lawsuit. Murphy Brothers eliminated that. There's only one clock, and it starts when the defendant is brought under the court's jurisdiction by service or by the effective date of a waiver. This question we're trying to resolve, is it a question of fact when service occurs, or is it a question of law? A question of law. That would be decided de novo, Your Honor. I'll reserve the remainder of my time unless there are further questions. Thank you. Thank you. Mr. Mangian. Thank you, Your Honor. May it please the court, Dave Mangian on behalf of Eppley's Monsanto Company, Solution Pharmacia. This court does not need to engage in contract interpretation or resolve hypotheticals to affirm the district court's remand order. As Your Honor has pointed out, this is about an issue of law. And the court can affirm the remand order, and should, based on a simple application, a three-step application of the law. First, we look at Murphy Brothers, as Judge Strauss has put it out. Murphy Brothers says, and everyone here agrees, that a waiver of service triggers the removal clock. That's undisputed. Second, we go to section 1446B1. Everyone here agrees that the removal timeline is 30 days from the trigger. And everyone here agrees that you can't manipulate that removal deadline. It's 30 days, no matter what. The parties can't do it, the courts can't do it. So then it becomes crucial when the waiver becomes effective, correct? Right. So we get to the final point, Your Honor, which is Missouri law governs when the waiver is effective. And we all agree that Missouri law controls. And Missouri law is very specific on that issue. Rule 54.13C says that when a defendant does two things, when a defendant acknowledges service in writing and waives service, that's effective service. The statute uses the word when, the rule. So when that happens, which is what happened here on January 5th, they concede that, then that is when service was effective. And that's in their, they filed a response to our supplemental authority yesterday, where they say the statute, the rule 54.13, doesn't depend on intent. And they say that the acknowledgment of waiver satisfies both requirements of the rule. So you can't look at what the parties agreed to for response of pleading deadlines. That's a routine agreement in state court. We're going to let you respond at this time. The time's going to run from this time. That happens all the time. Here, the parties cannot change that removal deadline. We can't agree to say removal, the clock starts later. If we did that, this would just be a backdoor way of manipulating removal deadlines. Judge, we don't just have the statute or the rule either. Your Honor, we have multiple cases from Missouri that say that waivers are effective when they're entered. We have the Gilbert's case from almost 100 years ago that says, in that case, there was a waiver that said, I hereby waive service of summons. It was filed the same day the complaint was filed, and the court said it was effective that day. Did any of them involve an agreement to make it effective later? Because you agree that that does say it will be effective on, at the end of the month. Judge, I disagree with that. I don't believe that I read, I don't read the agreement that way. The acknowledgement of waiver doesn't say that the waiver itself is effective later in the month. Service will be effective. We use that term to talk about service for purposes of responsive pleading. That's the way that that's described in the Missouri rules. It says that time runs from that. So the question stands, did any of those cases have a situation like this one? None of the Missouri cases that we cite are exactly like this. The Harris decision out of the Eastern District of Missouri from 2006 involved an oral waiver. And in the letter that confirmed the oral waiver, the parties agreed that the case would be stayed and the responsive pleading deadlines wouldn't run. See, this case is easy if you didn't have the agreement that service was effective at the end of the month. That's what changes everything. And without a case showing that those peculiar facts, I don't think what you're telling me is all that persuasive because you just don't have a case on point. Well, Judge, they don't have any cases that say that they can manipulate the time under the rules either. They're saying, well, we can agree to whatever date we want, but I have the rule. And the rule says when. When they do these things, it's effective. No, the rule is one thing, but you're citing us a bunch of cases, and I don't think they help you very much is what I'm saying. Is there anything in the record to indicate the parties contemplated removal when this agreement was entered for acceptance and waiver? No, Judge. There's nothing in the record, and they've never contested that they raised removal. When we were negotiating the cases in state court, we were talking about responsive pleading deadlines and a waiver. They never said, hey, we're going to remove. Had they done that? Had they mentioned that? Maybe things would be different, but they didn't. They could have taken a number of different tacks here. They could have waited until January 31st. They didn't do that. They could have modified the agreement to say, I'm not waiving until then. But the waiver says very specifically in present tense language, I hereby waive service under this rule. And that rule says that when service is waived, that's when service is waived. And we can't allow agreements of the parties to modify removal deadlines. Every court that has ever looked at that, and that's what Judge Autry said, if I looked at what the parties agreed, I would essentially be modifying the 30-day removal deadline and allowing parties to do that. I'd be taking away what 1446B1 says. Your Honor, that's just not the case here. That's not what happened, and that's not how it works. What do you do, though, with Murphy Brothers saying really what matters is the summits? You have to officially bring somebody into court for the removal clock really to start. Well, Judge, I think that question is easily resolved by Murphy Brothers says a waiver of service is the same thing as getting a summons and a complaint or a summons and petition served. Again, it doesn't contemplate that situation, though, where the parties agree that the summons – so in other words, where the parties agree that the summons is going to become – or excuse me, that service is going to become effective on a different date. We just don't have that. This is a completely new situation. I don't think that's the case, Judge. This is a case where we have a waiver plain and simple on the date that the law says it's effective. And Murphy Brothers says a waiver of service, when you have that, that brings you under the authority of the court. I mean, no one's arguing here that GE could have wiggled out of this and said, oh, sorry, we're not under the authority of the court. We filed it the next day. We filed this acknowledgement and service with the state court the next day, indicating the intent that it was immediately effective. The language said it's immediately effective. The rules said it's immediately effective. So we have the waiver that Murphy Brothers contemplates, Judge. And any – go ahead. Sorry, Judge. There are states in which an agreement to extend the time to file a responsive pleading or answer is not an extension to file other things that are procedurally required, including a removal, right? And the language used here is exactly that, is that, you know, it says that we acknowledge that the date of service of the First Amendment petition is as January 1, 31, or January 31, 2023, and then it goes on to say, and we acknowledge that the date of service for the First Amendment petition on General Electric is January 31, 23. Are those in tension or in conflict? Are you referring – Judge, I think I might not be clear on your question. Are you referring to – I may not be clear on what I'm asking, right? But what it says is that the initial waiver says, I waive necessity of personal service of process under Missouri Supreme Court Rule 54.13C on behalf of General Electric for this matter and acknowledge the date of service of the First Amendment petition on General Electric is January 1, 31, 2023, right? And then you'd skip a bunch and you get to the end where it says, I further acknowledge that under Missouri Supreme Court Rule 55.25, General Electric's response of pleading to the First Amendment petition would be due within 30 days of January 31, 2023. And so what I'm asking is that there are states that say that if I extend your time to answer, I am not extending your time for removal, right? I mean, that law is out there. North Dakota's done that. But my question is, is there tension between these where we say that you've got 30 days after this date to file a response of pleading? Well, a response of pleading does not necessarily, I'd have to look at what Missouri and their rules defines as a pleading, but most states don't define as a pleading removal, right? And so is there a tension there? Judge, no, there's no tension here. What this agreement does is two things. It waives service immediately and effectively. It also waives all of the objections to service, time, place, manner, all that stuff. And then it also embodies the agreement of the parties with regard to when the response of pleading deadlines will start to run. And then our agreement that we'll agree to extend it another time. So that's pretty commonplace in Missouri. That happens all the time. Parties agree a response of pleading due this date or I'm going to give you more time. That's a commonplace agreement here. And so we were in state court. No one ever mentioned that they were going to remove. There was no contemplation of removal. So we are agreeing on a state court response of pleading deadline there. In any case, we couldn't. He agrees. We could not agree to move the timelines for removal. The rule says the waiver was effective when it was signed and entered into. We can't agree to move that. That's what the law is. Does the waiver of service give the court jurisdiction over the parties as of January 6th or January 31st? The waiver of service, it's our position it gives them jurisdiction over GE on January 5th. That was the date that Mr. Herzog signed a pleading, captioned in the case that says I'm authorized to do this. I'm hereby waiving under this rule. I'm hereby waiving my objections. And then we have the parties' agreement on that. Again, back to what Judge Erickson was saying. I think every state does not go that way. So we would have a state-by-state sort of patchwork if we adopt your position, I think. Well, Your Honor, I think it's already that way. I mean Murphy Brothers says it's designed for you've got to have either a summons, and it even contemplates that. There's different ways that states deal with it. And they said, hey, we have to have one rule, bedrock principle. You've got to be brought under the authority of the court formally and notified of a lawsuit. That's what happened on January 5th. And Missouri law says that that happens when the waiver is executed. Other states' laws may say something different. And maybe another state's law, Minnesota's, yours might be more specific in a sense. But this one says when. And it says when you do 1 and 2, that's service. And here we have 1 and 2 that they concede happened, and that this rule doesn't have anything to do with intent. Would you address the estoppel? Yes, Your Honor. The concern that somehow there's an equitable remedy here. Yes, Your Honor. Estoppel doesn't apply here. There's multiple reasons, and you hit on one already. No one told us that there was going to be a removal, so how can we make an inconsistent statement or take a fundamentally unfair position on that? All the cases that they cited on estoppel in this context are with parties that know about the removal and say, yeah, we're going to agree not to contest it, or we're going to agree you have more time. And the court says, well, the primary function of your agreement was that you guys had a mistake on that and we're going to apply estoppel. That's not the case here. No one talked about estoppel. But I think even more important is the reasonable diligence prong. And Judge Strass, you have an opinion that was recently issued a few years ago, the Regals-Berger v. EVAC EMS case. And in that case, the plaintiff said he was suing his former employer for overtime wages and said, you employer cannot object and say I'm not exempt because your letter to me says I'm not exempt. And you wrote, Judge, that the reasonable diligence issue was very important to there and rejected the estoppel claim because you said, even though the letter might be self-contradictory, you had an obligation, plaintiff, to go out and ask your employer, as the letter indicated, to clarify that. And here we have a sophisticated litigant. We don't have an employee in an employer situation. We have GE, and we have GE represented by Mr. Herzog, an experienced lawyer, and his firm. They were there. They did this. They have a reasonable diligence obligation. They should have investigated this. I mean, every lawyer that's ever removed a case, and we've all done probably a number of them, I know I have, is concerned about timing, is concerned about that because it is not movable. And to simply say we just relied on an agreement and we didn't look at the rule, we didn't do our own investigation or reasonable diligence, Judge, that's not an estoppel case. That's not what this case is. There's no reasonableness in that reliance. They had many options, as I said. They could have waited until January 31st if that's what they believed was when they wanted to execute this. They could have, you know, said, hey, we're going to remove, and we couldn't have stopped them, and they could have done something different. They could have actually just filed their removal 30 days from the 5th to be careful, right? I mean, there's a lot of things here that could have been done to change this, and it was all within their control. They knew that they wanted to remove. We didn't. They had superior knowledge on that issue. There can't be estoppel here. And, Your Honor, my time is getting close to the end here, and I'll say the parties agree on a lot of things. The dispute is on the effect of the waiver and when it happened, and here the rule is quite clear on that. And they have no case law that says that it's not that rule and that the rule doesn't say what it says. So we ask that you affirm the district court's judgment and that you remand this case back to the court of St. Louis County where it was filed and where it belongs. Thank you, Your Honor. Thank you, Mr. Mangin. Mr. Herzog, your rebuttal. Yes, Your Honor. I'd like to point out a couple of things. I think Judge Erickson was on to a very important point. The key here is that Missouri law, which governs, doesn't prohibit parties from contracting on an effective date of service, and that's what happened. That's what Judge Strauss identified, the effective date of service. And Judge Erickson asked about the second paragraph, which is absolutely key and points out our argument, the strength of our argument. Under Murphy Brothers, the effective date of service is when the defendant is brought under the court's jurisdiction and required to take action. And this is what the parties agreed. I further acknowledge that under Missouri Supreme Court Rule 5525, General Electric's responsive pleading to the first amended petition would be due within 30 days of January 31, 2023. That means that under this document, which is a matter of contract, that Monsanto is acknowledging that we were first brought under the jurisdiction of the court and required to take action in the form of filing a responsive pleading on January 31, 2023. If it was going to be effective at the time of signature, the first paragraph would have said this will be effective as of the date of signature, as some state laws provide. But Missouri doesn't, and that's the difference. This is a very clear case where Missouri does not prohibit the parties from agreeing to an effective date of service, which clearly they did. And now Monsanto wants to say, oh no, there were two dates of service, one for your responsive pleading that started to take on January 31, and one for removal that started to take when you signed it on January 5. But Murphy Brothers precludes that conclusion, and that's why this needs to be vacated and remanded. The parties are entitled to agree to an effective date of service. The date of service triggers then the remand, the notice of removal. There was no obligation, no reason for us to be discussing removal because everything is triggered by the effective date of service, which was, as the parties agreed, January 31. Thank you. Thank you, Mr. Herzog. The court thanks both counsel for the argument you've supplied to the court today in response to our questions and the arguments you've presented. We will continue to study the matter and render a decision in due course. Thank you.